Smiley *et al. v.* Smiley.

———————

No. 13,881.

SMILEY ET AL. *v.* SMILEY.

DEED.—*Delivery After Death.—Marriage of Grantor.—Rights of Widow.— Notice.*—The owner of land executed deeds to portions thereof to his children by his first marriage, and placed them in the hands of one of the grantees, with instructions to deliver them after his death.  The grantor subsequently married again, his wife being informed before the marriage that the only estate owned by him was land not embraced in the deeds mentioned.  Afterwards the grantor died, leaving no children by his last wife, and the deeds were delivered to the respective grantees, they paying no consideration.

*Held,* that the widow takes no interest in the lands conveyed.

From the Daviess Circuit Court.

*J. Baker* and *A. J. Padgett,* for appellants.
*H. Crooke* and *W. Heffernan,* for appellee.

ELLIOTT, J.—Jacob Smiley was married four times. By his first wife, Catherine, he had four children, Joseph J., Jonathan H., James and Elizabeth. By his second wife he had no children. In 1870 he married his third wife, Mary. On the 26th day of September, 1873, he became the owner of the land in controversy. On that day he and his wife executed five deeds, one to his daughter, Elizabeth, one to his son Jonathan H., one to Joseph and Jonathan, one to Joseph, and one to the heirs of James Smiley. At that time James Smiley was living and had four children, Jacob M., Sarah, William and Elizabeth. These deeds embraced part, but not all, of the land owned by Jacob Smiley in 1873. On the 25th day of May, 1875, he executed his will, by which he devised to his wife, Mary, during her life or widowhood, part of the land—that in section eleven. Item 5th of his will reads as follows: " I have heretofore executed deeds to all my real estate, not above named, to my children and grandchildren for the lands which I wish them each to have, and now place them, the said deeds, in the hands of my executor hereinafter named; which deeds I wish my said executor at my death to deliver to the parties severally named therein, and to whom said deeds are executed." In the 6th item of the will, Joseph J. Smiley was nominated executor. A few days after the execution of the will, Jacob Smiley placed the deeds in the hands of Joseph J. Smiley, and directed him to retain them until after he, Jacob Smiley, should die, then to deliver them. On the 24th day of September, 1875, the third wife, Mary, died. On the 6th day of the following November, Jacob Smiley, on being advised that the deed to the heirs of James Smiley was not valid, executed a deed to his children, Sarah, Jacob M., William and Elizabeth, and placed them in the hands of Joseph J. Smiley, and repeated the instructions formerly given him. On the same day he executed this codicil to his will: " Whereas, my beloved wife departed this life on the 24th day of September, 1875, I now wish the property bequeathed to her in my will

equally divided among all my children." On the 18th day of December, 1875, Jacob Smiley married the appellee, Agnes Smiley. On the 15th day of March, 1877, he died, leaving no children by his last marriage. On that day Joseph J. Smiley delivered the deeds placed in his hands to the respective grantees therein named. No consideration was paid by any of the grantees. The appellee was advised prior to her marriage that the only estate which Jacob Smiley owned, or in which she would have any claim, was two parcels in section eleven.

The judgment of the court gave the plaintiff an estate for life in all the land, as well that part described in the deeds placed in the hands of Joseph J. Smiley as that of which no conveyance was made.

The question whether the appellee is entitled to a life-estate in the land embraced in the deeds placed in the hands of Joseph J. Smiley, depends upon the time those deeds took effect. If they took effect at the time of their conditional delivery to him, then, it is clear, she has no interest in the lands, because her husband was not seized of them at any time during coverture. The case, therefore, turns upon the effect of that conditional delivery. If that delivery was sufficient to vest title in the grantees as of that date, then the appellee can have no claim in the land as against them.

In deciding this question we attach importance to the fact that the appellee was advised before marriage what land Jacob Smiley owned and in which she would acquire an interest. She was, at least, put upon inquiry, and if she failed to make inquiry she is not in a situation to aver that she had no notice. Doubtless, marriage is a valid consideration, and if Mrs. Smiley had not been informed as to what lands her husband owned, a different question would confront us. We do not, however, decide that the deeds would not have been valid even if she had not been put upon inquiry, for that is not now necessary. We do decide that, as she had notice prior to marriage what land her husband then owned,

she can not successfully assert her marital rights in the land embraced in the deeds placed in the hands of Joseph J. Smiley.

There was here a conditional delivery, for the deeds were placed in the hands of Joseph J. Smiley with explicit instructions to deliver them to the grantees upon the happening of a designated event, that of the death of the grantor. In this particular the case differs from that of *Jones* v. *Loveless,* 99 Ind. 317. It differs, also, from that case in another particular, and that is this: The party who here assails the deeds had notice that the grantor did not own the lands embraced in them. This case is, in all material respects, like *Owen* v. *Williams, ante,* p. 179, and the principle there asserted applies to it with great force. Our conclusion is well sustained by authority. *Hockett* v. *Jones,* 70 Ind. 227; *Crooks* v. *Crooks,* 34 Ohio St. 610; *Hatch* v. *Hatch,* 9 Mass. 307 (6 Am. Dec. 67); *Stephens* v. *Rinehart,* 72 Pa. St. 434; *Morse* v. *Slason,* 13 Vt. 296; *Tooley* v. *Dibble,* 2 Hill, 641.

The trial court erred in its conclusions of law upon the facts stated in the finding.

The appellee has filed a motion to dismiss the appeal as to all of the appellants except William Smiley, and, upon the admissions made in the answer to this motion, the appeal must be dismissed as to all the appellants, except the one named.

It is, therefore, adjudged that, as to all the appellants except William Smiley, the appeal is dismissed, and that, as to him, the judgment is reversed, with instructions to restate the conclusions of law, and enter judgment in his favor.

Filed March 28, 1888.