Goodpaster *v.* Leathers *et al.*

Filed April 3, 1890.

———◆———

No. 13,991.

## Goodpaster *v.* Leathers et al.

DEED.—*Construction.*—*Tenants in Common.*—*Charge upon Land.*—A deed was in substance as follows: "This indenture witnesseth, that I, J. L. convey and warrant to P. L., my wife, and F. L. and J. L., Jr., on condition of the support of P. L., their mother, off of said land described below, for the natural love and affection I have for said above parties, the following real estate." Then follows a description of the land, etc.

*Held,* that the deed vested an estate, in fee simple, in the mother and two children, as tenants in common, each taking an undivided one-third, and that the income from the whole was charged with the support of the mother.

SAME.—*Deposit of with Third Person.—Delivery at Death of Grantor.— When Title Passes.*—Where a grantor signs and acknowledges a deed, and deposits it with a third person, to be delivered by him to the grantee at the death of the grantor, without reserving to himself any right to control or record the instrument, if the deed is afterwards delivered to the grantee the title passes, and the deed ordinarily takes effect by relation as of the date of the first delivery.

From the Morgan Circuit Court.

*W. S. Shirley, J. V. Mitchell* and *J. F. Cox,* for appellant.
*G. A. Adams* and *J. S. Newby,* for appellees.

MITCHELL, C. J.—The facts specially found by the court show, *inter alia,* that on the 4th day of February, 1878, James Madison Leathers, being the owner of a certain tract of land, executed a deed in substance as follows :

" This indenture witnesseth, that I, James Madison Leathers, of Morgan county, in the State of Indiana, convey and warrant to Phœbe Tucker Leathers, my wife, and Florence Mabel Leathers, and James M. Leathers, junior, on condition of the support of Phœbe T. Leathers, their mother, off of said lands described below, in Morgan county, in the State of Indiana, for the natural love and affection I have for said above parties, the following real estate in Morgan county in the State of Indiana, to wit :" Then follows a description of the land, the formal attestation clause, and an acknowledgment of the instrument in due form.

The court stated, as a conclusion of law, that the above conveyance vested in Phœbe Tucker Leathers, wife of the grantor, an estate for life of one-third of the lands described therein, and that the fee to the whole estate was vested in Florence M. and James M. Leathers, charged with the support of their mother. We do not concur in this conclusion. The land is granted to the three grantees therein named in plain and unambiguous language. The effect of the deed was to vest an estate in fee simple in the mother and two children as tenants in common, each taking an undivided

one-third, and to charge the income from the whole with the support of the mother. *Stout* v. *Dunning*, 72 Ind. 343; *Williams* v. *Owen*, 116 Ind. 70; *Commons* v. *Commons*, 115 Ind. 162.

The intention of the parties is what the law addresses itself to in the construction of deeds; but the intention is to be gathered from the language found in the instrument. The entire deed is to be regarded, and when the language is unambiguous, and the intent plainly appears upon the face of the instrument, there remains nothing for the court to do but to give the deed effect according to the terms written therein.

There is nothing in the circumstances of the present case which justifies a construction of the deed so as to give it a meaning different from that which arises upon the face of the instrument. Cross-errors are assigned, and in support of these it is suggested that the court committed error in holding certain answers sufficient because it is said it appears from these answers that the deed in question was never delivered by the grantor in his lifetime. The facts pleaded do not sustain this view of the case.

It appears from the answers that the deed was duly signed and acknowledged by the grantor in his lifetime, and that it was deposited by him with a third person, with instructions to deliver it to his widow after his death, and that it was delivered to her accordingly.

Where a grantor signs and acknowledges a deed, and deposits it with a third person, to be delivered by him to the grantee at the death of the grantor, without reserving to himself any right to control or record the instrument, if the deed is afterwards delivered to the grantee the title passes, and the deed ordinarily takes effect by relation, as of the date of the first delivery. *Smiley* v. *Smiley*, 114 Ind. 258, and cases cited; *Owen* v. *Williams*, 114 Ind. 179. The court erred in its conclusions of law.

The judgment is reversed, with costs, with instructions to the court to re-state its conclusions of law in consonance with this opinion, and to render judgment accordingly.

Filed April 3, 1890.