Dinwiddie *et al. v.* Smith *et al.*

Filed May 2, 1895.

---

No. 17,355.

### DINWIDDIE ET AL. *v.* SMITH ET AL.

PARTITION.—*Title.—Plaintiffs Not Parties in Interest.*—That the evidence does not show title in plaintiff, in an action for partition, see opinion.

SAME.—*Answer, Sufficiency of to Show Title in Defendant to Whole of Land.*—That a paragraph of answer setting up title in defendant to the whole of the land in question, in an action for partition, is sufficient, see opinion.

From the Rush Circuit Court.

*J. C. Blacklidge, C. C. Shirley, B. C. Moon, S. L. Innis, D. S. Morgan, D. Morris* and *G. W. Morgan,* for appellants.

*B. L. Smith* and *C. Cambern,* for appellees.

Dinwiddie *et al. v.* Smith *et al.*

MONKS, J.—This was an action for partition of real estate, brought by appellants against appellees.

The complaint alleges that appellants and appellee, William A. Smith, are the owners, as tenants in common, of the real estate described in the complaint. To this complaint appellees filed a general denial, and appellee, William A. Smith, filed a second and third paragraph of separate answer. To said paragraphs of separate answer appellants demurred for want of facts, which demurrer was overruled. Appellee Smith filed his cross-complaint against · appellants, in which he alleged he was the sole owner of the land therein described. To this cross-complaint appellants filed an answer in general denial, and also filed a general denial to the second and third paragraphs of answer. The cause being at issue, was submitted to the court for trial, and the finding was for appellee William A. Smith on his answer and cross-complaint, and, over a motion for a new trial, judgment was rendered in favor of said appellee.

Appellants assign the following errors:

First. The court erred in overruling the demurrer to the second paragraph of answer.

Second. The court erred in overruling the demurrer to the third paragraph of answer.

Third. The court erred in overruling appellants' motion for a new trial.

The first error assigned is waived by a failure to discuss the same.

In the third paragraph of answer of said Smith it is alleged that on and prior to May 19, 1891, one Maria Dinwiddie, from whom appellants claim to derive their title, was the owner of the real estate described in the complaint and that appellants and appellees are the only heirs at law of the said Maria Dinwiddie; that on

said date said Maria Dinwiddie caused a deed to be drawn up for said real estate, with full covenants of warranty, conveying said real estate to this appellee; that said Maria Dinwiddie signed and acknowledged said deed before a notary public; that said grantor retained said deed in her possession from said time until the 29th day of July, 1893, at which time she placed the same in the possession, custody and control of one Thomas M. Green, with the instructions to deliver the same to said William A. Smith, appellee; that on the 10th day of July, 1891, after said grantor had signed said deed, and while the same was in her possession, she made her last will and testament and appointed one Thomas M. Green and this defendant (appellee) trustees to carry out said last will and testament; that said will has since been probated and contains the following general directions to said trustees: "All deeds executed by me are to be delivered at my death to the persons therein named free of charge;" that said Thomas M. Green retained the possession and custody of said deed from the time he received the same until after the death of said grantor, when he delivered the same according to the terms of said will and said verbal instructions to this defendant (appellee). It is expressly averred in this paragraph that said deed was delivered to Thomas M. Green for appellee by the grantor in her lifetime. The paragraph is clearly sufficient under the authorities. *Smiley* v. *Smiley*, 114 Ind. 258, and cases cited.

The reasons urged for a new trial are:

First. That the decision of the court is contrary to the evidence and contrary to law.

Second. That the decision of the court is not sustained by sufficient evidence.

Third. Because the court erred in the admission of certain evidence.

It was agreed between the parties at the trial, and entered of record, that on the 19th day of May, 1891, Maria Dinwiddie was the owner of the real estate in controversy; that she received the rents and profits of said real estate until the date of her death, August 1, 1893; that she died the owner of said real estate, unless she conveyed the same to appellee, William A. Smith; that appellants and said appellee, Smith, are the only surviving heirs of said Maria Dinwiddie; that said Maria Dinwiddie died the owner of other property of the value of $50,000.00, and left debts less than $3,000.00.

The last will and testament of said Maria Dinwiddie was given in evidence by appellants; the will was dated July 10,1891. After disposing of her farm to the board of commissioners of Rush county, and providing for the establishment of a home for the persons named in the will, she proceeds: "in the second place I leave in the hands of my nephews, William A. Smith and Thomas M. Green, in trust, all my remaining estate to be managed by them as by me directed," etc.

By this will the testatrix disposed of all property, real and personal, owned by her at the time of her death. *Board, etc.,* v. *Dinwiddie,* 139 Ind. 128.

It clearly appears from the evidence in the cause that under no circumstances have appellants any interest in the real estate described in the complaint. Said real estate was not specifically devised by the will, and either passed by the deed to the appellee, Smith, or by the residuary clause in the will to the trustees.

The trustees were not parties to the action and are not parties to the appeal, and no decision in this cause would be binding upon them.

Appellants have no interest in the determination of this question. It is sufficient to determine that appel-

lants have no title to said real estate.   *Lynch* v. *Leurs*, 30 Ind. 411.

There is no available error in the record.

Judgment affirmed.

Filed May 15, 1895.