## NEWMAN ET AL. *v.* FIDLER, EXECUTOR.

[No. 22,101.    Filed March 6, 1912.]

1. DEEDS.—*Execution.—Deposit for Delivery on Death of Grantor. —Title.*—Where the defendant's testatrix, concurrently with the execution of her will, executed a deed conveying a portion of her real estate and handed such deed to a third person to be by him delivered to the grantee after her death, and after her death it was delivered, said testatrix by her act parted with any right to the possession of the instrument, and on its delivery, pursuant to her instructions, the title of the grantee related back to the date when she placed the deed for delivery.    pp. 222, 224.

2. DEEDS.—*Deposit for Delivery on Death of Grantor.—Directions for Delivery.*—Where a deed is handed to a third person with instructions to deliver it at a future time, it is necessarily implied that the delivery shall be made to the grantee named in the instrument.    p. 223.

From Miami Circuit Court; *Joseph N. Tillett*, Judge.

Action by Laura Vadda Newman and others excepting to the final report of John H. Fidler as executor of the will of Eliza J. Newman, deceased. From a judgment approving the report, the objectors appeal. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Nott N. Antrim, William B. McClintic, William N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellants. *J. T. Cox* and *Claude Y. Andrews,* for appellee.

MORRIS, C. J.—This appeal is prosecuted from a judgment of the lower court overruling certain exceptions, filed by appellants, to the final report of appellee, as executor, and ap-

proving the report. The court specially found the facts and stated its conclusions of law thereon. The only question involved in this appeal is the correctness of the court's conclusions of law.

The following facts are disclosed by the special finding: On September 25, 1905, Mrs. Eliza J. Newman, appellee's testatrix, was the owner in fee simple of certain described real estate, consisting of farm lands in Miami county, and a house and lot in the city of Peru; that on the above date she executed her last will, and, concurrently therewith, signed and acknowledged a deed of conveyance, to Olive S. Fidler for life, with remainder to her children and grandchildren, of the house and lot in the city of Peru; that after signing and acknowledging the deed Mrs. Newman handed it to Robert J. Loveland, with instructions to deliver it after her death. Loveland accepted it, and retained it in his possession until after the death of Mrs. Newman, when he delivered it to Olive S. Fidler, one of the grantees named in the deed. Mrs. Newman died November 3d, 1905. Loveland was custodian of the will, and produced it for probate on November 6, 1905.

The only part of the will which mentions this deed or the property described therein is as follows:

"By deed signed and acknowledged concurrently with the execution of this will, I have conveyed lot number 194, in Peru, Miami county, Indiana (original plat), to Olive S. Fidler for life, with remainder to her children and grandchildren, as therein expressed. Unless I shall sooner deliver said deed to the said grantees, I desire the same delivered at my death."

The will provided that the property and funds of the estate should be held by John H. Fidler, as trustee, for the use of certain designated persons, among whom were the appellants. The farm lands constituted the principal part of the estate.

Pending the settlement of the estate, the executor filed his

petition, to which appellants were made parties defendant, asking that the court permit him to mortgage the farm lands to the amount of $6,000, for the purpose of securing funds with which to pay debts and claims against the estate. The court granted the petition, and ordered the executor to borrow $6,000, and to secure the loan by a mortgage for that amount on the farm lands. The sum of $1,500 of the principal and all interest on the above indebtedness have been paid from the income of the farm lands, and no portion of it has been paid from the income from the house and lot in Peru.

The deed to Olive S. Fidler and others is a warranty deed in statutory form, and contains a clause reserving to the grantor, during her natural life, the possession, use and enjoyment of the real estate described therein.

It is contended by appellants that the grantees named in the deed took title to the city real estate by virtue of the will, and consequently the indebtedness of the estate was a lien on all the real estate of which testatrix died the owner, and the burden thereof should be apportioned between the city property and the farm land, in proportion to their respective values, as provided in §3124 Burns 1908, §2568 R. S. 1881.

The court's conclusions of law were, in substance, that the grantees named in the deed acquired title to the city property by virtue of the deed, and that this property was free of any lien of the decedent's debts.

It is conceded by counsel for appellants, that if the title to the city property was conveyed by the deed, the court's conclusion was correct, but it is insisted that it is not

1. shown by the finding of facts that the deed was delivered in the lifetime of Mrs. Newman. The finding of the court on this subject is as follows: "(5) That concurrently with the execution of her said will, on September 25, 1905, the said deceased signed and acknowledged a deed of conveyance to Olive S. Fidler. * * * (6) That after

said deed was signed and acknowledged on said September 25, 1905, the said decedent *handed said deed to Robert J. Loveland with the instructions to deliver it after her death,* and said Robert J. Loveland retained possession of said deed until after the death of said Eliza J. Newman. [Our italics.] (7) That after the death of said Eliza J. Newman, the said Robert J. Loveland produced the will and the deed, and the will was duly proven and admitted to probate, and said deed was delivered to said Olive S. Fidler, and placed upon record."

In *Goodpaster* v. *Leathers* (1890), 123 Ind. 121, 23 N. E. 1090, this court said: "It appears from the answers that the deed was duly signed and acknowledged by the grantor in his lifetime, and that it was deposited by him with a third person, with instructions to deliver it to his widow after his death, and that it was delivered to her accordingly. Where a grantor signs and acknowledges a deed, and deposits it with a third person, to be delivered by him to the grantee at the death of the grantor, without reserving to himself any right to control or record the instrument, if the deed is afterwards delivered to the grantee the title passes, and the deed ordinarily takes effect by relation, as of the date of the first delivery."

The same doctrine is asserted in the following cases: *Owen* v. *Williams* (1888), 114 Ind. 179, 15 N. E. 678; *Smiley* v. *Smiley* (1888), 114 Ind. 258, 16 N. E. 585; *Hockett* v. *Jones* (1880), 70 Ind. 227; *Squires* v. *Summers* (1882), 85 Ind. 252; *Dinwiddie* v. *Smith* (1895), 141 Ind. 318, 40 N. E. 748; *Stewart* v. *Weed* (1858), 11 Ind. 92; *McCord* v. *Bright* (1909), 44 Ind. App. 275, 87 N. E. 654.

Appellants contend that the facts found do not bring this instrument within the application of the above rule, because it is not found that Loveland was instructed to de-

2.   liver the deed to the grantees therein named, and because the facts found do not exclude the theory that

Mrs. Newman, when she handed the deed to Loveland, with the instructions given, relinquished control of it.

The findings of the trial court might well have been more exact and definite, but we think that where a third person is handed a deed, and instructed to deliver it at a 1. future time, the instruction necessarily implies that the delivery shall be made to the grantees named in the instrument. The facts found here show, in effect, that after Mrs. Newman had executed her will, and signed and acknowledged the deed, she handed the latter to a third person, and instructed him to deliver it after her death. She thereby parted with any right to the possession of the instrument, and on its delivery, pursuant to her instructions, the title of the grantees related back to the date of the delivery of the deed to Loveland. *St. Clair* v. *Marquell* (1903), 161 Ind. 56, 67 N. E. 693.

Counsel for appellant cite the case of *Jones* v. *Loveless* (1885), 99 Ind. 317, which held that the doctrine of relation could not be invoked to give effect to a deed executed by an insolvent debtor. In this case, no creditor's rights are involved, and the rule declared in the case last cited has no application here.

Appellee contends that in any event appellants are bound by the order of the court requiring the executor to execute the mortgage on the farm land. In view of the conclusion reached, it is unnecessary to consider this question.

The trial court did not err in its conclusions of law on the facts found. Judgment affirmed.

Cox, J., not participating.

NOTE.—Reported in 97 N. E. 785. See, also, under (1) 13 Cyc. 569; 49 Am. St. 219; 63 Am. Dec. 243; 54 L. R. A. 869, 878; 38 L. R. A. (N. S.) 942; (2) 13 Cyc. 565. As to delivery of deed to third person to be delivered to grantee after grantor's death upon performance of conditions by grantee, see 9 L. R. A. (N. S.) 317.