Filed January 12, 1893.

---

No. 15,854.

## SMITH v. BLAIR ET AL.

133   367
149   243

SPECIAL FINDING.—*Repugnancy.*—*Sufficiency of Finding to Support a Conclusion of Law.*—In an action to recover money donated in fraud of creditors, where it is specially found, among other things, that such suit was not commenced until six years after the fraudulent transaction, it does not disprove the fact, as found by the court, that the parties to said fraudulent transaction concealed the facts up to the day of the bringing of said suit. For the sufficiency of the special finding to support the conclusions of law, see opinion.

SAME.—*Evidentiary Facts in.*—*Effect.*—The presence of evidentiary facts in a special finding can not control or overthrow ultimate facts found.

STATUTE OF LIMITATIONS. — *Concealment of Cause of Action.* — *Affirmative*

*Acts.*—To take a case out of the statute of limitations because of conceal-
ment of the cause of action, there must be shown affirmative acts which
amount to more than mere silence.

INTEREST.—*Fraudulent Donation of Money.*—*Donee Chargeable with Interest.*—
*When and How Long.*—Where a husband, with intent to defraud his cred-
itors, donates money to his wife, the wife is chargeable with interest on
said money from the time suit was instituted to recover said money.

From the DeKalb Circuit Court.

*C. A. O. McClellan* and *R. M. McBride*, for appellant.

*W. L. Penfield*, for appellees.

OLDS, J.—The appellee was a creditor of Norman Smith,
the husband of the appellant, Julietta Smith. The appel-
lant Julietta purchased a farm upon which there were
judgment liens that she assumed to pay. Norman Smith,
in fraud of his creditors, and for the purpose of defrauding
them, and particularly the appellee, colluded with his wife,
the appellant, and furnished her $800 with which to pay
off. the judgment liens against the land so purchased, and
the title to which was taken in her name, and she so
used the money, and afterward sold the farm and received
the proceeds. These facts, with others, are alleged in the
complaint in this case, by the appellee, against the appellant
and her husband, and a judgment is asked against the ap-
pellant for the amount so given by her husband to her in
fraud of creditors.

The appellant answered by pleading the six years statute
of limitation, and the appellee replied pleading a conceal-
ment of the cause of action.

There was a trial by the court without the intervention
of a jury, and, on proper request, the court made a special
finding of facts and stated its conclusions of law in favor
of the appellee. Appellant excepted to the conclusions of
law.

Errors are assigned, one of which is error in the conclu-
sions of law, and this assignment presents the principal
question involved in the case and discussed by counsel.

It is contended that the facts found show the money was fraudulently paid to the wife and used by her more than six years before the commencement of the action, and do not show a concealment of the cause of action, so as to authorize the action to be maintained at the time it was brought, being more than six years after the money was paid to the wife and used by her in fraud of the rights of the plaintiff, and, therefore, the facts found do not authorize a conclusion of law in favor of the appellee.

Section 300, R. S. 1881, provides that "if any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action." This statute has been interpreted to mean that there must be more than silence, that there must be some affirmative acts to constitute concealment, which must be alleged and proven (*Wynne* v. *Cornelison*, 52 Ind. 312, and *Jackson* v. *Buchanan*, 59 Ind. 390); and such interpretation of the statute is unquestionably correct. But while this is true, the question as to whether or not the cause of action is or is not concealed is an issuable fact. In pleading such concealment, it certainly is not necessary to plead the evidence necessary to establish a concealment, though, under the rule laid down in the decision, it may be necessary to go further than to simply allege that the cause of action was concealed from the plaintiff; but no serious objection is urged as to the sufficiency of the reply in this case.

The cause of action in this case against the appellant is bottomed on the fact that her husband—who was insolvent and known by her to be insolvent, in collusion with her, and for the purpose of defrauding the appellee and other of his creditors—gave to his wife of his own money, which was liable for his debts, $800, to be used, and which was received and used, by her in the payment of her debts and

the satisfaction of judgment liens against her land. It is alleged, both in the complaint and reply, that the husband and wife colluded together in the doing of the act in fraud of his creditors. The knowledge that the title to the farm was taken in the name of the wife, or that she had money and paid the debt, or that the judgments were paid, was of no value, as these facts of themselves would not support an action, without being coupled with the fact that the husband had given her the money, and she received it in fraud of creditors.

The court in this case finds as a fact " that said Blair used and exhausted all reasonable means of inquiry among persons who would be likely to know the facts, but that he did not discover, or have the reasonable means of ascertaining said facts, until he discovered the same on the day of the commencement of this action." It is further found that " said Smith and Smith concealed and suppressed the facts of said fraudulent gift of said money, and that said Blair commenced this action on the same day he discovered said facts."

There are some evidentiary facts found and stated in the finding, but these can not control or overthrow the ultimate facts found. If the court had set out all the evidence in its finding of facts, it is probable that the evidence omitted from the finding would fully support the ultimate fact found as to the concealment of the fraud, and refute all inference to the contrary, which might be drawn from the evidence stated in the finding as it now stands; but many of the evidentiary facts found strongly support the finding of the ultimate facts which we have quoted. It shows that the appellee had prosecuted another action, prior to the commencement of this action, in which he had alleged the fraud, and in which he addressed interrogatories to the appellant and her husband, in relation to the same facts, and that, on the trial of said cause, the appellant called both of them as witnesses and questioned them as to

such purchase of the land. They both swore that Norman was not the purchaser; that Julietta was the real purchaser; that Norman did not furnish any part of the consideration therefor, or pay any of said money on said judgment liens, or otherwise, to said Julietta, or for her benefit. While this, we think, a mere evidentiary fact, it shows that the appellant and her husband were concealing the facts constituting the fraud, even going to the extent of denying the fact under oath that the husband furnished any money. It is suggested that said suit to recover the money thus fraudulently donated was not commenced until after the six years had elapsed from the date her husband gave her the money; but even admitting that to be a fact, it does not disprove the fact that they had concealed the fraud during the six years and afterward and until the day this suit was commenced as found by the court.

The finding, we think, is full and conclusive and clearly authorizes the conclusion of law in favor of the appellee, and there is no motion for a new trial questioning the sufficiency of the evidence to support the findings.

It is further urged that the court erred in charging appellant with interest on the amount received from her husband, from the date when this suit was brought. The statute (section 5200) provides that interest shall be allowed at the rate of six dollars a year, on one hundred dollars, "on money had and received for the use of another, and retained without his consent." This case has been in this court on a former appeal. *Blair* v. *Smith,* 114 Ind. 114, and this court held that "where a husband, with intent to defraud his creditors, pays purchase money liens upon his wife's real estate, she having knowledge of, and participating in, his fraudulent purpose, she occupies the position of a fraudulent grantee, and is chargeable in equity as a trustee of the husband's creditors to the extent of the sum so paid, and they may reach the money in either the land or the avails of a sale. This being true, the appel-

lant held the amount fraudulently transferred to her by her husband in trust for the appellee, the creditor of her husband, and the bringing of the suit operated as a demand for its payment, and, from that time forward, she held it as money received for the use of appellee without his consent, and was liable under the statute for interest at the rate of six per cent. from that date. *Phelps* v. *Smith*, 116 Ind. 387. There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed January 28, 1893.