## DICKASON ET AL. *v.* DICKASON.

[No. 27,698. Filed April 13, 1942.]

684

*Simmons & Simmons* and *Sturgis, Stine & Sturgis,* all of Bluffton, for appellants.

*Eichhorn, Gordon & Edris,* of Bluffton, for appellee.

SWAIM, J.—The appellee filed a complaint against the appellants and others to quiet title to certain real estate. The complaint alleged that the appellee was the owner in fee simple of said real estate; and that each of the defendants was "claiming some right, title or interest" therein, which was unfounded and a cloud

upon appellee's title. To this complaint the appellants filed an answer in general denial.

The first trial of said cause resulted in a judgment for the appellee. This judgment was appealed to, and reversed by, the Appellate Court of Indiana. *Dickason* v. *Dickason* (1940), 107 Ind. App. 515, 18 N. E. (2d) 479, 25 N. E. (2d) 1014. In that appeal the only error assigned was that the conclusion of law was not supported by the finding of facts.

The opinion of the Appellate Court stated that the facts found on which the conclusion of law was based were the following:

On April 20, 1927, George S. Dickason, a single man more than twenty-one years of age, who was then the owner of the real estate in question, went to the Farmers Deposit Bank in Montpelier, Indiana, in company with his nephew, the appellee, and asked Guy Brackin, the president of the bank, how he (George S. Dickason) could dispose of his property to take effect at the time of his death. He was informed by Brackin that he might make a deed for said real estate and place the same under the control and custody of said bank, to be delivered to the grantee named therein at the time of the grantor's death. Pursuant to said advice George S. Dickason executed a deed conveying said real estate to the appellee and caused written instructions, signed by him, to be attached to said deed directing the bank to retain said deed until his (the grantor's) death and then to deliver said deed to George A. Dickason. Said deed was duly executed by the grantor to the grantee. At the time said grantor delivered said deed to the bank it was his intention and purpose to part with control over said deed and, during all the time said deed was in the possession of said bank, it had exclusive control and dominion over said deed. About a year

after the deed had been so delivered to the bank, the grantor, accompanied by two of his brothers, called at said bank and demanded the return of said deed and letter of instructions, which were returned to him. The appellee at no time after the deed was so executed and deposited in the bank, consented that the same might be withdrawn by said grantor.

On December 23, 1930, George S. Dickason died, intestate, leaving as his surviving heirs certain brothers and sisters, nephews and nieces, including the appellee. An administrator *de bonis non* was appointed to administer his estate.

Thereafter, on February 7, 1934, the appellee joined with part of the heirs of said decedent in a complaint against the other heirs of the decedent for the appointment of a receiver to take charge of said real estate. An order was entered in that action appointing a receiver. In the complaint therein it was alleged that George S. Dickason died, intestate, the owner of said real estate. Prior thereto, in a petition filed to determine the inheritance tax to be paid in said estate, the appellee was named as one of the heirs of said decedent and entitled to share in his estate.

On these facts the trial court in the first trial stated the following conclusion of law:

"That the law is with the plaintiff. That plaintiff, George A. Dickason, is the owner in fee simple of the real estate described in finding No. 1 hereof. That the claim of the defendants, and each of them, to some interest in said real estate is without right and unfounded and that plaintiff is entitled to have his title thereto quieted."

The appellants, in the first appeal, pointed out that the special finding of facts did not find or state that the appellee was the owner of the real estate in question at the time of the commencement of his action to quiet

title. The appellants contended that this was an essential averment in the complaint which it was necessary for the appellee to prove; that it was necessary for the court to find, as an ultimate fact, that the appellee was such owner at said time, in order to support a conclusion of law in favor of the appellee; and that the failure to find an essential fact is equivalent to a finding on that question against the party having the burden of proving such fact.

The appellants further contended that the facts found and stated in said special finding did "not necessarily involve the existence of said ultimate fact." The appellee contended that the primary facts found in the special findings were of such character and nature that they necessitated the existence of the ultimate fact of ownership, and that, therefore, such ultimate fact should be treated as found; that the special finding of facts should be read as a whole; and that when so read, the primary facts which were found led "to but one conclusion, to-wit: to the ultimate fact that the appellee was the owner of said real estate at the time of the commencement of his cause of action."

On these contentions by the parties the Appellate Court was of the opinion and held "that the record in the instant case is such that the court is not warranted in holding that the ultimate fact of ownership of the real estate by the appellee at the time of the commencement of the action is necessarily established from the facts found." After reciting the withdrawal of the deed from escrow and the joining of the appellee in the complaint for a receiver, the Appellate Court said: at p. 523:

"When this fact is taken in connection with the other facts found in the case which we have heretofore pointed out, we do not believe that the ultimate

"fact of ownership of the appellee at the time of the commencement of his action herein could be treated as an ultimate fact found. In other words, we do not believe that the facts found and stated in the special finding necessarily carry with them the finding of the ultimate fact that the appellee at the time of the commencement of his action was the owner of the said real estate. The fact that the conclusion of law contains the statement 'that plaintiff George A. Dickason is the owner in fee simple of the real estate described in finding No. 1 hereof' does not aid the special finding of facts. If the language just quoted is to be treated as a finding of fact, then it cannot be considered for the reason that a finding of fact cast among the conclusions of law will be disregarded. If it be treated as a conclusion of law, then as heretofore pointed out, there is no ultimate fact found upon which to base it."

The mandate on the original opinion reversed the judgment with instructions to the trial court to set aside the judgment rendered, to restate the conclusion of law in favor of the appellants and to render judgment accordingly. This mandate, upon rehearing, was amended by ordering the trial court to set aside the former judgment and grant a new trial.

On the second trial the special finding of facts disclosed certain additional facts as follows: When George S. Dickason was explaining his purpose to the president of the bank he stated "that he would like to give the real estate that he owned to George A. Dickason, the deed to be delivered to George A. Dickason at the death of George S. Dickason." In the course of the conversation, Brackin, the president of the bank, informed George S. Dickason that he could make a deed conveying said real estate "to whomsoever he desired and said deed might be deposited with said bank with instructions" to deliver the same to the grantee after the grantor died. After this conversation George S. Dicka-

son instructed Brackin "to prepare the necessary deed to carry out the disposition of his property in the way and manner they had discussed." Immediately after the said deed was executed and delivered to the bank, George S. Dickason caused his will to be written, signed and acknowledged by him.

After the deed and will were executed and delivered to the bank, the president of the bank fastened the letter of instructions to the deed and placed said deed and written instructions in a receptacle used by the bank for papers which required the attention of the bank. The will was placed with other wills in the safety deposit box of the bank used for such purpose.

In addition to the above facts which were not disclosed by the Appellate Court opinion, special finding No. 13 in the second trial revealed that George S. Dickason owned real estate, in addition to the real estate here in question, consisting of about three acres on which he lived alone and made his home; that frequently while George S. Dickason lived on this place the appellee assisted him in cultivating said land and in the transaction of his business affairs and "frequently took him places to see friends and relatives." Special finding No. 14 found that "at the time the plaintiff George A. Dickason filed his complaint in this action he was the owner in fee simple of the real estate" in question; and that "said George A. Dickason ever since said time has been and now is the owner in fee simple of said real estate above described and entitled to the immediate possession thereof and is entitled to have his title to said real estate quieted."

In this second trial the court concluded as a matter of law that the law was with the appellee; that he was the owner in fee simple and entitled to the possession of said real estate; and that he was entitled to have his

title quieted to said real estate as against all of the defendants. On this appeal from the judgment entered on these conclusions of law, the appellants have assigned as error that the court erred in each of its conclusions of law and in overruling the motion for a new trial. The principal propositions presented are the same under each of said assignments of error.

.The appellants' first proposition is that the decision of the Appellate Court became the law of the case binding upon the trial court on the second trial and binding upon this court in this appeal. The appellants insist that the facts and circumstances found and stated in the special finding of facts in the second trial with reference to the making of the deed, the letter of instructions, the will, the leaving of said papers at the bank and the subsequent withdrawal of said papers, are the same facts and circumstances as found and stated in the special finding on the first trial; and that on these facts the decision of the Appellate Court became the law of the case.

As said by this court in *Aldering* v. *Allison* (1908), 170 Ind. 252, 258, 83 N. E. 1006:

"The rule known as 'the law of the case,' while as conclusive as in former adjudication, as to all matters within its scope, cannot be invoked, except as to such questions as have been actually considered and determined in the first appeal. In the application of this rule courts will take cognizance of such points only as affirmatively appear in the last to have been decided in the former appeal. The rule being one which tends to prevent the judicial consideration of a .particular controversy, is not to be extended beyond the exigencies which demand its application."

In the application of this statement of the law to the instant case it becomes necessary to determine just what

the Appellate Court considered and determined in the first appeal. In doing this we may examine the record of the former appeal and the opinion of the Appellate Court. *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089. The record in the former appeal discloses the fact that the evidence in the first trial was not brought into the record; that the decision of the Appellate Court was based entirely on the sufficiency of the special finding of facts to support the conclusion of law; that there the appellants contended, the appellee apparently conceded, and the court decided, that the question of the ownership of the land involved by the appellee at the time he filed this action was an ultimate fact which it was necessary for the appellee to allege and prove, and the court to find, in order to sustain the conclusion of law stated in the first trial. Whether the finding that the appellee was the owner of said real estate at that time was, under the issues presented in this case, a finding of fact or a conclusion of law, the decision of the Appellate Court, deciding that it was a finding of an ultimate fact, became the law of the case so far as that question is involved in this appeal. In addition to the decision that the question as to such ownership was a question of fact and not a conclusion of law, the only question actually presented to, and decided by, the Appellate Court in the former appeal was that the primary or evidentiary facts found in the first trial did not necessarily establish the ultimate fact of such ownership.

On the second trial, as shown above, additional evidentiary facts were found and also the ultimate fact that at the time he instituted this action the appellee was the owner of the real estate in question. The decision in the former appeal did not determine the question as to whether the facts

stated in the special finding now before the court were sufficient to sustain the conclusion of law which the trial judge stated on this finding of facts. On this question, therefore, the decision of the Appellate Court did not become the law of the case.

In our opinion the facts specially found in the second trial were sufficient to sustain the conclusion of law and the judgment from which this appeal is taken. In *Newman* v. *Fidler* (1912), 177 Ind. 220, 224, 97 N. E. 785, a testatrix, concurrently with the execution of her will, executed a deed conveying a portion of her real estate and handed such deed to a third person to be by him delivered to the grantee after the death of the grantor. This court there held that such deed, so delivered, effectively passed title to the grantee upon the death of the grantor and delivery of the deed by the third person to the grantee. The court said that by such delivery to a third person "She thereby parted with any right to the possession of the instrument, and on its delivery, pursuant to her instructions, the title of the grantees related back to the date of the delivery of the deed to Loveland."

In *St. Clair* v. *Marquell* (1903), 161 Ind. 56, 63, 64, 67 N. E. 693, a grantor made several deeds and placed them in a sealed envelope which he handed to a third person "to hold, and deliver them as soon as possible after my death." Five years later the grantor asked the third person for the return of said papers and they were returned to him. A few weeks later grantor again handed the same third person a sealed envelope containing papers, saying, "Al, here is them papers." After the death of the grantor the envelope was opened and the deeds therein contained were delivered to the grantees named in said respective deeds. In deciding that one of the deeds so delivered

conveyed title of the real estate therein described to the grantee therein named the court said: "These deeds had been properly signed and acknowledged by the grantor, the contracts were apparently consummated, and the deeds were left in the power of Jones, a third party, with special instructions to hold them until the death of Marquell and then to deliver them as soon as possible to the particular persons named by the grantor. Jones accepted the trust, and, under these circumstances, there can be no reason for holding that such a delivery was not binding. The mistake made by Jones some five years afterward in returning the papers to Marquell did not and could not affect the titles conveyed by the deeds deposited with him." The court said further as to the deed in question in that case that it was not material "whether the conveyance to her of the 120 acres was an advancement, a gift or a sale." It is said in 16 Am. Jur. § 143, p. 517:

> "It is well established that an effective legal delivery of a deed may be made by the grantor's manual delivery of the deed to a third person, with directions to the latter to hold the deed during the lifetime of the grantor and upon the latter's death to deliver it to the grantee, intending at the time of the delivery to the custodian to part forever with all right or power thereafter to repossess, retake, or control the deed. Such a delivery is effectual to convey title to the grantee upon the grantor's death, although the grantee is not aware of the delivery until after the grantor's death, and the grantor cannot after making such delivery to a third person recall, revoke, or modify the deed without the consent of the grantee, although the deed is gratuitous."

Applying these rules of law to the facts stated in the finding of facts in the instant case we are of the opinion that the real estate in question was conveyed by George S. Dickason to the appellee. The warranty

deed was signed and acknowledged by the grantor. He then delivered it to the bank with written instructions, signed by him, to retain it until his death and upon his death to deliver it to George A. Dickason, the appellee. At the time he delivered the deed to the bank it was his intention and purpose to part with his control over said deed and during all the time the deed was in the possession of the bank it had the exclusive control of, and dominion over, the deed. The effect of such a delivery of the deed by the grantor to the bank with the intention of putting it beyond his control could not be changed by his having later changed his mind and having demanded and received the return of the deed without the consent of the grantee.

In addition to the above facts, we now have the finding of the ultimate fact that at the time the appellee filed his complaint in this action he was, and ever since said time has been, and now is the owner in fee simple of said real estate. The finding of this ultimate fact necessarily implies that the trial court found that there was a valid conveyance of the title to said real estate to the appellee, which latter finding, in turn, contains by implication the finding of all primary facts necessary to the validity of such conveyance. The effect of such a finding cannot be overcome by the inclusion in the special finding of evidentiary facts tending to disprove the ultimate fact or any of the primary facts on which it is based. *Smith* v. *Blair* (1892), 133 Ind. 367, 32 N. E. 1123.

We are of the opinion that the evidence is sufficient to support the finding of all the essential facts contained in the special finding of facts.

Appellants contend that the decision of the court is not sustained by sufficient evidence for the reason that

there is no evidence that the appellee did not make a conveyance of said real estate between the time of the making of said deed to him by decedent and the date of decedent's death. While there is no direct testimony on this fact it may reasonably be inferred from the evidence that no such deed was made. This was not an ultimate fact which it was necessary to include in the special finding of facts.

The appellants contend that the evidence adduced at the two trials was substantially the same and that, therefore, the decision of the Appellate Court is the law of the case. If this theory of the appellants were tenable we still could not pass on this question because the evidence of the first trial is not in the record and we have no way of knowing what such evidence was.

Appellants also contend that the appellee is bound by the judgment procured in the action in which he joined for the appointment of a receiver and by his conduct with reference to the inheritance tax proceedings in the estate of George S. Dickason. In both of these proceedings it was assumed and stated that the real estate in question was owned by George S. Dickason at the time of his death. Under the circumstances these statements would amount to no more than an admission on the part of the appellee that the deed to him had not passed title. Such an admission would simply be evidence for the trial court to consider. As opposed to this evidence there was sufficient evidence to support the finding of the court that at the time George S. Dickason delivered the deed to the bank it was his intention to part with all control and dominion by him over said deed, and to support the ultimate fact that, regardless of what the appellee may have thought as to his legal rights in said real estate, he was at the

time of the bringing of this action the owner of the fee simple title thereto.

While under some circumstances a person might, by making such an admission or statement, be estopped from thereafter asserting his ownership of the real estate, it was not contended that the evidence in this case established a case of estoppel.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 40 N. E. (2d) 965.