### RACO CORPORATION *v.* ACME-GOODRICH, INC.

[No. 18,594. Filed May 9, 1955. Rehearing denied June 10, 1955. Transfer denied January 11, 1956.]

170

*Stump and Emswiller,* of Indianapolis, for appellant.
*Freeman Bradford,* of Indianapolis, for appellee.

KELLEY, C. J.—On July 15, 1947, one Glenn A. Pritchard, the original lessor who was not made a party to this action, being then the owner of a two-story tile building, known as Redman's Hall, in the town of Oaklandon, Marion County, Indiana, leased the same, as party of the first part, by written lease, to the appellant, as party of the second part, for a term from July 15, 1947, to July 15, 1950, at a monthly rental of $75.00, with the privilege in appellant of renewing said lease for a period of two (2) years, at a monthly rental of $100.00. Appellant immediately entered into the possession of said premises pursuant to said lease.

Said Glenn A. Pritchard sold said premises to appellee in April of 1949 and the transfer thereof, insofar as the matters here in issue are concerned, became effective as of May 1, 1949. Appellant fully paid to said Pritchard all the rent which accrued under said lease to the time said premises were transferred to appellee.

Appellant retained the possession of said premises under said lease until the first day of February, 1951, at which time it vacated said premises, but paid no rent to appellee during said time from May 1, 1949, to February 1, 1951.

Appellee commenced this action against appellant by complaint, afterward amended, in three paragraphs, the first two of which counted upon recovery for the unpaid rent which accrued under said lease from May 1, 1949, to February 1, 1951, and the third paragraph sought recovery for the reasonable value of the use and occupancy of the premises for said time.

To the amended complaint appellant filed an answer of admission and denial, and also an answer in the nature of a counter-claim.

The counter-claim, in substance, states: that appellee assumed all the obligations under the said lease owing

to appellant "originally by said Pritchard"; that Pritchard and appellee "on its own part" failed to perform clause Sixth (hereinafter set out) of the lease; that Pritchard did not perform clause Eighth (hereinafter set out) of the lease; that for the period from July 15, 1947, to May 1, 1949, appellant suffered damage of $2902.50 for the loss of time of its employees in going elsewhere for drinking water and toilet facilities; that on or about May 1, 1949, appellant informed appellee it would not pay rent until appellee performed said clause Sixth and that with the intention of recouping its loss, it occupied the premises until February 1, 1951, and paid no rent during that time; that thereby appellant recouped $1087.50 of its "loss resulting from the breach of the contract" leaving the sum of $1815.00 owing by appellee to appellant; that Pritchard, by his failure to perform said clause Eighth, caused appellant loss of the "value" of its business which appellant "believes was in the amount of $1000.00." Appellee's reply put at issue the allegations of said counter-claim.

Trial of the issues was to the court which found against the appellant on its counter-claim and for the appellee on its complaint and that appellee recover of appellant the sum of $1787.50 and costs. Appellant's motion for a new trial on the grounds that the evidence is insufficient to sustain the decision of the court and that the decision is contrary to law, was overruled and this appeal followed, the sole error assigned being the. overruling of said motion for a new trial.

As it pertains to appellant's counter-claim, the challenge that the finding is not sustained by sufficient evidence is unavailable to appellant. Insofar as the court found the amount of rent due and unpaid by appellant, the latter's attack thereon must fail for the reason that the lease provides the amount of

the monthly rental and appellant admits it did not pay the rent for the period stated in the amended complaint. Therefore, the amount of the recovery authorized by the finding was, under the pleadings and the evidence, purely a matter of computation. The remaining question, then, for our consideration is whether, under the specification in the new trial motion that the decision of the court is contrary to law, the evidence and the legal principles applicable thereto entitled appellant to relief which the court denied to it.

It is without gainsay that if the court correctly determined the issues pertaining to the alleged non-performance by appellee of clause Sixth of the lease and the alleged violation by Pritchard of clause Eighth thereof, appellant was not deprived of any legal relief contended for.

For sake of convenience, we will consider the stated matters inversely. Clause Eighth of the lease provided, in material part, as follows:

> "EIGHTH: That in the event said premises are offered for sale the party of the second part shall have the first right to accept the offer of the party of the first part; . . ."

There is no claim or evidence that appellee in any way violated this clause. The contention is that Pritchard offered the premises for sale without affording appellant the first right to accept the offer and that appellee is liable therefor because it assumed all the obligations under the said written lease which were owing to appellant by Pritchard.

We find no evidence in the record of any agreement, express or implied, by appellee to assume, pay, or discharge any obligation or liability of Pritchard to appellant by reason of the asserted breach by Pritchard of

said clause Eighth prior to appellee's acquirement of the reversion. In the absence of such agreement, it is difficult to perceive, under the circumstances evident here, upon what basis liability of the appellee can be predicated for acts committed by the original lessor, Pritchard, previous to the transfer to appellee of the reversion.

Assuming (but not deciding) that said clause, in practical contemplation, constitutes an option to purchase, it gave appellant "no additional interest *in praesenti* in the land itself, but merely a right of personal recourse against the lessor," Tiffany, Landlord and Tenant, Vol. 2, §257, page 1677, and gave appellant no "title to the land, either legal or equitable," *Kritz* v. *Moon* (1928), 88 Ind. App. 5, 18, 163 N. E. 112; 51 C. J. S., Landlord and Tenant, §81b, page 635. The claim, then, that appellant attempts to assert against the appellee is not founded upon an interest in the land. In such circumstance, the rule that a purchaser is bound by all the equities which a tenant in possession can enforce against the vendor is not applicable and does not enable appellant, as lessee, to successfully counterclaim against the appellee, as the owner of the reversion, in the latter's action for the rent due it, for damages which appellant claims against Pritchard, as the lessor, for breach of the covenant. *Reeves* v. *Pope* (1914), 83 K. B. 771, 83 L. J. K. B. 771. Further, it is generally held that an assignee is not liable for breaches occurring prior to the assignment in the absence of an agreement to the contrary and that the assignee, in the absence of a special undertaking, is not liable for an obligation due under the lease before the assignment. 51 C. J. S., Landlord and Tenant, §44 (3), page 571, notes 1, 2 and 4.

Appellant contends that appellee "accepted the Pritchard lease contract with all the obligations thereof";

that such was "acquiesced in by all the parties to this suit"; that appellee "incorporated that recognized fact in its complaint and made it a part of the theory thereof"; and that "The written contract between Pritchard and Acme (appellee) also establishes that fact". No doubt appellee, as grantee and transferee of the reversion, is bound to the observance of such covenants of the lease as run with the land and to that extent we agree with appellant's contention. However, in an action for the rent due it since its acquisation of the premises, appellee is not liable, in the absence of an agreement or undertaking to that effect, for damages occasioned solely by the alleged breach of Pritchard, the original lessor. As previously stated no such agreement or undertaking by appellee appears in the record. In our opinion, appellant was not entitled to any recovery against appellee on this phase of the case.

Clause Sixth of said lease is in these words:

"SIXTH: That party of the first part will at his expense provide pipes for water to the outside wall at the West end of said building; and that the party of the second part shall bear all expense of connecting said pipes to interior installations in said building."

The record poses several questions with relation to the issue of the alleged breach of said clause Sixth. However, we think it necessary to consider only the theory of appellant's counter-claim and the evidence submitted thereunder. The counter-claim, in addition to the substance thereof hereinabove referred to, and with particular reference to claimed damages, alleges upon a failure of Pritchard and the appellee to bring "water" to the wall of the building by reason whereof appellant's employees were required "to go elsewhere to obtain

drinking water and to use the facilities of a wash-room" and "the time required" therefor "averaged approximately one-half hour more per day than would have been required if water had been brought to the building"; that the "average wage paid to the said employees was about $1.50 per hour"; that "there are approximately twenty working days per month"; and the total loss to appellant "in time thus necessarily consumed . . . caused a loss" to appellant "of approximately $135.00 per month".

Ordinarily, the measure of damage, for the breach of said clause Sixth would be the difference between the rental value of the premises with the water pipes to the west wall of the building and the rental value without such water pipes. Under the holdings of our courts, appellant, no doubt, could have provided and installed the water pipes to the west wall and recovered the cost thereof from the lessor. This it did not do but, instead, elected to assert special damages.

Special damages claimed to have been suffered by the lessee by reason of the failure of the landlord to provide particular facilities or services are, of course, the subject of recovery in proper cases. Such damages must not be conjectural, uncertain, or remote, must flow directly and naturally from the breach of the obligation, and be of a character within the contemplation of the parties. And the lessee is not entitled to recover for such damages as he could have prevented by the exercise of reasonable effort and care. 35 C. J., Landlord and Tenant, §500, pages 1191 and 1192; 51 C. J. S., Landlord and Tenant, §247 (6), page 878; *Hendry* v. *Squier* (1890), 126 Ind. 19, 22, 23, 24, 25 N. E. 830; *McCoy* v. *Oldham* (1890), 1 Ind. App. 372, 377, 378, 27 N. E. 647; *Hamilton et al., Executors,* v. *Feary* (1893), 8 Ind. App. 615, 621, 623, 35 N. E. 48.

In support of its allegations of special damages, appellant sought to show, by an estimation, that each of its employees spent from 35 to 40 minutes per day in going across the street to a garage for the purpose of securing a drink of water and using toilet facilities; that some of the employees went down the street to a confectionary to drink a "coke"; that there were a variously designated number of employees working each day of a work month, estimated at 20 days, and each employee received as wages an hourly rate of $1.50, so that, in 1947, for instance, there were a total of 580 man days which, estimating half an hour a day, would total 290 hours lost at $1.50 per hour, an estimated amount of $435.00 for the year of 1947. To account for the turnover of employees during the work weeks, appellant utilized a system of fractions of employees so that in the various months, for example, the computation of lost time would be based on $4\frac{1}{4}$, $5\frac{1}{4}$, $5\frac{1}{2}$, $5\frac{3}{4}$, $6\frac{1}{4}$, $6\frac{1}{2}$, $7\frac{1}{4}$, $7\frac{1}{2}$, $8\frac{1}{4}$, $8\frac{3}{4}$, $9\frac{3}{4}$, or $12\frac{1}{4}$ employees, as the case might be. Estimation of the alleged lost time, computed in the manner stated, was made for each year from 1947 to February 1, 1951. There appears no evidence that any reasonably accurate time record of the absence and the time taken out by the employees for the purpose alleged was kept or maintained by appellant. The asserted loss of time was based only on estimation and guess. Appellant's own witness, one of its employees, said that his time estimate was "purely a guess" and that that would "apply also for the estimate of the other employees, just a guess".

It is apparent, without further detail, that evidence of the character referred to is too conjectural, indefinite, and remote to support appellant's counter-claim for special damages. We have failed to find an authority, and the parties have referred us to none, involving

the same or similar items of damage as is declared upon by appellant in this cause. However, the applicable principles are the same. Appellant was required to establish that its alleged special damage was a natural and usual result of the asserted breach, reasonably within the contemplation of both parties as the probable result thereof, and calculable without guesswork. Appellant has failed to meet such requirements.

We further note that the record discloses no measures undertaken by appellant to minimize or reduce the amount of its alleged damage. It is clear that appellant had full knowledge during all the time in question that the water pipes had not been provided, and the evidence discloses that the cost of such pipes would have been "about $50.00". Under such circumstances appellant could not merely continue its occupancy, suffer damages and charge its landlord therewith. *Olinger* v. *Reahard* (1947), 117 Ind. App. 172, 174, 70 N. E. 2d 436.

Appellant has not demonstrated to us that it was entitled to relief which the court denied.

Judgment affirmed.

Royse, P. J., concurs in the result.

NOTE.—Reported in 126 N. E. 2d 262.

Transfer denied 131 N. E. 2d 144.