GIBSON COAL COMPANY, INC. *v.* EARL KRIEBS.

[No. 1270A256. Filed December 6, 1971.]

*Howard J. DeTrude, Jr., Kightlinger, Young, Gray & Hudson,* of counsel, of Indianapolis, for appellant.

*Craig, Craig & Brown,* of Brazil, for appellee.

ROBERTSON, J.—This action arose out of an automobile accident involving a truck owned by defendant-appellant, and a passenger automobile in which the plaintiff-appellee was a passenger. The accident occurred shortly after 7:00 a.m., on the morning of May 1, 1969, at which time the defendant's truck was parked in front of a restaurant on the south side of U. S. Highway 40, approximately a mile and one-half east of the city of Brazil. The automobile in which plaintiff was a passenger approached the scene in the eastbound lane of

U. S. 40. According to the driver of the vehicle in which plaintiff was riding, defendant's truck was protruding approximately one and one-half to two feet into the traveled portion of U. S. 40, and due to the sun's glare in his eyes, and another vehicle passing him on his left, he was unable to avoid hitting the left rear end of the truck. As a result of the accident, plaintiff filed a complaint on July 30, 1969, in the Vigo Circuit Court against the defendant, alleging that the defendant's employee was negligent in parking the truck on the paved portion of U. S. 40, when it was practicable to park the vehicle off the highway, and that said negligence was the proximate cause of various injuries suffered by plaintiff in the accident, and of the activation and aggravation of a prior ailment. Subsequently the suit was venued to the Sullivan Circuit Court, where it was tried by a jury which returned a verdict for the plaintiff in the sum of $50,000. Judgment was entered on the verdict and defendant timely filed its Motion to Correct Errors, which was overruled.

In its Motion to Correct Errors, defendant alleged 12 specifications of error, however, in the argument section of its appeal brief, defendant has argued only Specification Nos. 4, 5, 6, 7, 9 and 10, and, therefore, the remaining six specifications must be deemed waived. Accordingly the issues in this appeal are limited to those raised in Specifications Nos. 4, 5, 6, 7, 9 and 10, which read as follows:

"No. 4. That the verdict and the judgment thereon is not supported by sufficient evidence upon all the necessary elements of the claim.

"No. 5. That the verdict is contrary to the evidence.

"No. 6. That the verdict is contrary to law.

"No. 7. That uncorrected errors of law occurred during the proceedings in that the Court overruled defendant's Motion for Judgment on the Evidence pursuant to Trial Rule 50.

"No. 9. That uncorrected error of law occurred in the giving to the jury of the Court's final instruction numbered 23, to which instruction the defendant timely filed written objections." [Instruction No. 23 concerned the doctrine of

sudden emergency. Defendant objected to the instruction for the reason that the evidence did not support application of the sudden emergency doctrine.]

"No. 10. That the following uncorrected errors of law occurred during the trial of the cause in the admission or exclusion of evidence resulting in prejudicial and reversible error to this defendant, said questions, objections and answers being set out as follows: [the allegedly erroneously admitted testimony primarily concerned the opinions of witnesses as to whether or not defendant's truck protruded into the traveled portion of the highway, and, if so, how far.]"

The defendant has combined his argument of those specifications into three parts, which can be summarized as follows:

1. Opinion evidence as to whether or not and how far defendant's truck protruded into the highway was contrary to the physical facts, (i.e., actual measurements of the truck and the highway), and should not have been admitted.

2. Defendant's vehicle was lawfully parked, and therefore the jury was misled by erroneously admitted testimony as to the availability of off-street parking. The question of whether or not defendant was under a legal duty to seek off-street parking was a question for the jury, and testimony as to that question was erroneously admitted.

3. The doctrine of sudden peril was inapplicable to the case because the driver of the vehicle in which plaintiff was a passenger admittedly saw defendant's truck two blocks before striking it, and the plaintiff's peril was not created by any negligence on defendant's part.

We do not agree with the defendant's contention regarding either the admission or interpretation of the "opinion" evidence. The physical facts to which the defendant alludes constitute the measurements of the truck, how far it was parked from the curb, and the width of the highway. According to their theory, after deducting the width of the truck and the 12 inches between it and the curb, there remained 22 feet of highway for the use of eastbound traffic on U. S. 40 at the point of the accident. Therefore, the defendants further contend, the physical facts prove there was no protrusion

into the traveled portion of the highway upon which the jury could base its verdict. Plaintiff, on the other hand, has advanced the theory, using testimony and exhibits, indicating the left side of the truck was protruding 2 or 3 feet into the traveled portion of the highway.

In the case of *Connor* v. *Jones* (1944), 115 Ind. App. 660, 59 N. E. 2d 577, where the jury's verdict was assailed because it was contrary to the physical facts, the court stated the rule of law:

". . . the testimony of a witness which is opposed to the laws of nature, or which is clearly in conflict with principles established by the laws of science, is of no probative value and a jury is not permitted to rest its verdict thereon. [Citing authorities.] This rule is frequently applied to the testimony of one who says he looked but did not see an object, which, if he had looked, in the very nature of things, he must have seen. However, where a court cannot say as a matter of law that the testimony of a witness is contrary to scientific principles, the law of nature or the physical facts, the question of whether such testimony does so conflict is one of fact for the jury to determine. [Citing authorities.] *Connor* v. *Jones, supra,* 115 Ind. App. 670, 59 N. E. 2d 581.

The two conflicting theories, each based on the evidence as set forth above, and each theory being mathematically feasible, presented facts for the jury's consideration.

Neither can we say, as a matter of law, that the opinion evidence as to these measurements were erroneously admitted and, therefore, invaded the province of the jury. Each of the witnesses who testified regarding these facts had seen and observed that to which he testified.

Typical of the questions of which defendant complains, is: "How far, in your judgment, did this Gibson Coal truck extend into the traveled portion of 40?" The answer, remembering that the witness was testifying to what he actually observed, calls for a statement of fact. Admittedly, the legal conclusion follows very closely on the heels of the answer,

but, nevertheless, still remains in the hands of the jury for the ultimate factual and legal determination.

The defendant also contends error existed in refusing to give its tendered instruction, which reads:

> "If you find from a fair preponderance of the evidence that the sole, proximate cause of the collision in question was the blinding by the sun of the driver of the vehicle in which plaintiff was a passenger, thereby obscuring his vision, the plaintiff may not recover in this action."

The court gave it's instruction which reads as follows:

> "An intervening cause is a new and independent force which breaks the causal connection between the original negligence and the injury, and itself becomes the direct and superseding cause of the injury.
>
> "If you find from a consideration of all the evidence that the injuries sustained by the plaintiff were proximately caused by a third party or outside agency and that the negligence of the defendant did not proximately cause or contribute to cause the injury to the plaintiff, then the plaintiff is not entitled to recover from the defendant."

The court's instruction covers the same subject matter as the defendant's, therefore, no error exists in the refusal of the defendant's instruction. *Leppert Bus Lines, Inc.* v. *Rayborn* (1962), 133 Ind. App. 325, 182 N. E. 2d 260.

The defendant further contends that the following instruction was erroneously given to the jury:

> "Where one without negligence on his part is confronted with a sudden emergency without time to determine with certainty the best course to pursue, such person is not held to the same accuracy of judgment as would be required if he had time for deliberation. Accordingly, if such person exercises that degree of care as an ordinarily prudent person would have exercised when confronted with a like emergency he would not be considered guilty of negligence, even though another course of conduct would have been more judicious, or safer, or might even have avoided the collision. The burden of proving the existence of a sudden emergency

is upon the person claiming the benefit of such doctrine and will not excuse one from the consequences of an emergency originally created, either in the whole or in part, by his own negligence."

We cannot say, as a matter of law, that the giving of the above instruction was reversible error. First, it is a correct statement of the law. Secondly, the wording of the objection might lead one to believe the driver was blinded by the sun more than two blocks away from defendant's truck. The evidence would show the blinding glare, and the overtaking vehicle to the left, all combined at a point near to the defendant's truck which could create a sudden emergency. The third portion of the objection is directed to the last sentence of the instruction, the defendant saying that the plaintiff is not in a position to claim the benefit of a sudden emergency doctrine. This Court is of the opinion that the question of the driver's negligence was raised by the defendant's pleadings, therefore, testimony thereon and the resulting instruction were proper.

We are of the further opinion that evidence regarding off-street parking was not error, but, if it was, it amounts only to harmless error. The jury was not instructed regarding the law as it concerned parking although both sides tendered instructions containing various statutory provisions on the point. These were either refused or withdrawn. The question presented to the jury was whether or not the defendant's truck was negligently parked, not whether or not it was negligent to park on the highway as opposed to the restaurant parking lot.

Concluding as we have on the above matters it can further be held that the verdict was consistent with the law and the evidence.

The judgment of the trial court is affirmed.

Sullivan, P. J., Buchanan and Lowdermilk, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 821.