WM. J. AND M. S. VESEY, INC. *v.* LEE H. HILLMAN, ET AL.
D/B/A HILLMAN CHINA COMPANY.

[No. 171A20. Filed March 20, 1972. Rehearing denied April 18, 1972.
Transfer denied April 2, 1973.]

*Benton W. Bloom, Bloom & Bloom,* of Columbia City, *Bowen, Myers, Northam & Soards,* of Indianapolis, for appellant.

*Mentor Kraus, J. A. Bruggeman, Barrett, Barrett & McNagny,* of Fort Wayne, *Phil M. McNagny, Jr., Gates, Gates & McNagny,* of Columbia City, for appellee.

ROBERTSON, P.J.—Plaintiff-appellant (Vesey) entered into a lease for two lots and the improvements thereon, with the Lincoln National Bank and Trust Company of Fort Wayne, acting as the trustee of the estate of C. W. Khune. The lease covered the period from July 1, 1948, through June 30, 1953, during which time Vesey operated a wholesale and retail florist business at the leased premises.

On several occasions, Vesey had discussed with a trust officer of the bank the possibility of purchasing the leased property. While the trust officer agreed that Vesey would have an opportunity to bid at the appropriate time, this provision was never put in writing, nor incorporated in the lease.

A year after the execution of the lease, Hillman and Cassady, (hereinafter referred to as Hillman) offered, by means of a sealed bid, to purchase the property occupied by Vesey. The bid was accepted with the resulting purchase by Hillman. The offer, acceptance, and sale, took place while Vesey was out of town. Upon his learning of the transaction and return to Fort Wayne, he offered 10% more than Hillman's bid, but was rejected.

On June 30, 1953, Vesey filed a complaint against Hillman, the trustee bank, and others, however, this appeal only concerns Hillman. The two paragraphs of complaint with which

this appeal is concerned allege, in substance, that Hillman failed to make certain repairs to the building as required by the lease, thereby causing damage to Vesey's business and property, and that Hillman intentionally caused a breach of contract between Vesey and the trustee bank, in that Vesey's right to bid on the property in question was denied to him.[1]

At the trial of this case the court sustained Hillman's motion for judgment on the evidence and gave judgment in his favor on the paragraph involving the intentional procurement of breach of contract. The paragraph of complaint regarding damages to Vesey because of Hillman's failure to repair the premises, likewise terminated in Hillman's favor.

Vesey's lengthy second motion to correct errors was overruled.

The first specification raised by Vesey is directed to the trial court's failure to grant his motion for a summary judgment when this cause was remanded to Allen County after the first appeal. Hillman did not file a response to the motion, but merely relied upon the allegations and denial of the pleadings as they then existed. Vesey's argument hinges on that part of Ind. Ann. Stat. § 2-2524(e) (Burns 1968) which states: "If he [the adverse party] does not so respond, summary judgment, if appropriate, shall be entered against him." The failure of Hillman to respond to the motion for summary judgment in this case does not require Vesey to automatically succeed.

".... However, it is the burden of the party moving for a summary judgment to show the lack of a genuine issue of fact. It has been held that if there is *any* doubt as to the existence of a factual issue, then the motion must be resolved in favor of the non-mover." (Citing authorities). *Klinger* v. *Caylor* (1971), 148 Ind. App. 508, 267 N. E. 2d 848, 856.

---

1. For the prior appeal in this cause, see *W. J. & M. S. Vesey* v. *Hillman, et al.* (1966), 139 Ind. App. 363, 198 N. E. 2d 233.

Additionally, it is the ultimate responsibility of the trial court to consider the existence of a material issue of fact. *Kapusta* v. *DePuy Mfg. Co. Inc.* (1968), 249 Ind. 679, 234 N. E. 2d 487. See also: *Mayhew* v. *Deister* (1969), 144 Ind. App. 111, 244 N. E. 2d 448.

It would further appear that some 470 pages of the 968 pages of record is devoted to the trial of this cause which strongly indicates the correctness of the ruling that a material issue of fact existed.

Vesey relies upon the following quote for authority for his proposition that it was error to deny the motion for summary judgment:

> "We are of the opinion that because appellant had failed to file an opposing affidavit in compliance with the statute he has failed to present error in regard to collateral estoppel. By appellant's failure to file an opposing affidavit, he has, in effect, admitted the validity of appellee's argument on this issue." (Citing authorities.) *Markwell* v. *General Tire and Rubber Co.* (1968), 142 Ind. App. 188, 191, 233 N. E. 2d 676, 678.

In the *Markwell* case, *supra,* the motion for summary judgment contained, inter alia, the litigation of a suit based on the same incident in the Federal District Court for the Southern District of Indiana, through the Seventh Circuit Court of Appeals. The Indiana Circuit Court, in *Markwell,* had a complete record upon which to determine that case. Such a state of the record did not exist in this case. Although this case had been remanded for a trial in the prior appeal, the Judge of the Allen Circuit Court did not have such a record to act upon. Moreover, the action in the state court in *Markwell, supra,* was held to be a collateral attack on the judgment of the federal case.

A second specification of error alleges the court made no record of the fact that motion for the oral examination of

Hillman was argued and denied. We have not been apprised as to what harm befell Vesey because of this omission, therefore this specification would fall within the purview of TR. 61, in that such error was harmless.

The next series[2] of specifications of error is directed to that paragraph of complaint pertaining to the failure of Hillman to keep the leased premises in repair as specified in the lease. The 40 rhetorical paragraphs of this paragraph allege the numerous faults with the building, i.e., cracked walls, leaking roof and skylight, the state of bad repair of the gutters and downspouts; the history of Vesey attempting to get repairs made to the aforementioned conditions; the repair work by Hillman; the repair work done by Vesey; the damages suffered by Vesey (loss of merchandise, etc.), and prayed for judgment in the sum of $50,000. After a trial, the court found against Vesey on this paragraph of complaint.

The lease between the parties contained the following provisions regarding the duty to repair:

"The lessor agrees to keep the exterior walls of the buildings, the roofs, gutters and downspouts in repair.

"No alterations of the buildings on said premises shall be made which may weaken or injure, or tend to injure the said buildings, and the written consent of the lessor shall first be obtained before any changes, improvements or betterments are made on the leased premises, and the lessee agrees, prior to the expiration of the tenancy to put the buildings in the same condition, as they now are, or improved condition in which they may be placed, and particularly so far as disturbed or altered by any changes by the lessee heretofore made, or which the lessee may hereafter make on said premises, as and if the lessor so demands."

The keystone of Vesey's argument directed to the judgment on this paragraph of complaint, consists of the following specifications:

2. The procedural questions involving TR. 53.1 and failure of the court to make docket sheet entries noting certain trial activities are deemed waived pursuant to AP 8.3(A)(7), failure to argue or cite authorities in the brief.

1. The judgment is contrary to the law and the evidence and not supported by sufficient evidence;

2. That the following findings of fact are contrary to the law and evidence:

   a. "All failures to repair on the part of the defendants about which the plaintiff now complains could have been repairs at small expense to plaintiff. The plaintiff failed to make such repairs. Plaintiffs' alleged damages, if any, resulted due to plaintiff's non-feasance."

   b. "That damages claimed by plaintiff are speculative and conjectural."

3. That the following conclusions of law are contrary to the law and the evidence:

   a. "The law is with the defendant."

   b. "The plaintiff failed to minimize his damages and make the repairs about which it complains, which repairs, if any, could have been made at small expense to the plaintiff, and cannot recover in this action."

Succinctly stated, Vesey's theory of law is that where substantial repairs are required the tenant may opt to repair or recover damages from the landlord incurred due to the lack of repair. See Landlord & Tenant, 32 Am. Jur. § 715, p. 590.

Hillman's theory is that a tenant cannot recover damages where a failure to repair by the tenant, when the duty exists, causes the damage. *Guynn* v. *Tremont Hotel Co.* (1921), 75 Ind. App. 647, 129 N. E. 336; *Olinger* v. *Reahard* (1947), 117 Ind. App. 172, 70 N. E. 2d 436; *Raco Corp.* v. *Acme-Goodrich, Etc.* (1955), 126 Ind. App. 168, 126 N. E. 2d 262.

In considering both negative judgments from which Vesey appeals, it must be reiterated that a specification of error predicated upon insufficient evidence does not present a question for this court to act upon. In addition, only the evidence and inferences therefrom most favorable to the appellee will be considered. *Pokraka* v. *Lummus* (1952), 230 Ind. 523, 104 N .E. 2d 669. With these standards in mind, a review of the testimony and exhibits produced at the trial

of this cause gave the trial judge evidence upon which he could have found as he did. A recital of that evidence would only serve to encumber an already voluminous record in this protracted litigation. Suffice it to say that such evidence did exist and to hold otherwise would require this court to enter the forbidden realm of weighing the evidence. As our Supreme Court has said, and being directly in point in this case:

> ". . . 'If the evidence entitled him to relief which was denied him, it is contrary to law, but in determining that question we may consider only the evidence most favorable to the successful party, and it is only where the evidence is without conflict and leads to but one reasonable conclusion, and the trial court has reached a contrary conclusion, that the decision will be disturbed as being contrary to law.'" (Citing authorities.) *Souerdike* v. *State* (1952), 231 Ind. 204, 206, 108 N. E. 2d 136, 138.

It cannot be said, as a matter of law, that the trial court reached a conclusion contrary to law, nor was there insufficient evidence to sustained the conclusion reached.

An additional assignment of error directed at the paragraph of complaint pertaining to damages concerns four interrogatories, filed on October 9, 1954, objected to on January 13, 1967, with the objection being sustained on the 9th of August, 1967. The interrogatories propounded to Hillman read:

> "(#36) Have you entered into any leases with tenants for any parts of said buildings on said lots for possession subsequent to June 1953?
> "(#37) With whom and when?
> "(#38) Set forth copies of each such lease.
> "(#39) If any parts of such agreements are verbal, give full information thereon?"

By not receiving the answers to these questions, Vesey claims surprise at the trial as well as the answers being vital to the proof of the issue of Hillman's failure to repair.

In view of other procedures available to Vesey for obtaining

the same information (deposition, subpoena duces tecum, etc.) but apparently not utilized, this court must hold that such error, if any, by the court must be considered as harmless as defined by TR. 61. Nor does a stringent review of the transcript by this writer reveal any motion for continuance based on surprise which could have been applicable if surprise, in fact, existed.

The remaining error directed to the decision on the damages paragraph of complaint concerns the striking, by the court, of certain photographs of the buildings in question. These pictures were attached to a letter from Vesey to Hillman dated the 29th of May, 1953. The letter and pictures were attached as "Exhibit A" to the Third Amended First Paragraph of Complaint. Vesey says that they come under "the law of the case" in that they were not objected to prior to the first appeal, therefore it was error to sustain a motion to strike subsequent to the decision in that appeal.

In view of the fact that the first appeal transpired prior to a trial on the merits of this case, we are of the opinion Vesey puts too much of a strain upon what constitutes 5. "the law of the case" as announced in the prior opinion of the Appellate Court. That opinion states, insofar as it pertains to issues on this appeal, that a good cause of action was stated by the complaint. This does not go to the admissibility of proffered exhibits nor testimony to be given at the trial of said cause upon its remand. Only those points decided in the first opinion become the law of the case. See *Egbert* v. *Egbert et al.* (1956), 235 Ind. 405, 132 N. E. 2d 910; *Dickason* v. *Dickason* (1942), 219 Ind. 683, 40 N. E. 2d 965; and *Alerding* v. *Allison* (1908), 170 Ind. 252, 83 N. E. 1006.

The next discussed series of alleged error pertains to the Second Amended Second Paragraph of Complaint, which claimed damages because Hillman fraudulently and intentionally procured a breach of the contract between Vesey and the bank. It will be remembered that the court gave judg-

ment to the defendant at the conclusion of plaintiff's case on this paragraph of complaint. The record reveals the court made a general finding for the defendant.

Hillman's motion for a finding in his behalf at the close of Vesey's case, insofar as the paragraph of complaint concerning the intentional breach of contract, specified the two year statute of limitations and Vesey failed to make a prima facie case as reasons for making the motion. The general finding of the court makes no reference to which grounds it relies. Since we hold as a matter of law that Vesey did not make a prima facie case, any discussion regarding the statute of limitations is surplusage. Vesey's argument regarding the intentional inducement of breach of contract presupposes the existence of a binding and valid contract existing between Vesey and the bank, giving Vesey an absolute right to bid on the leased property. This simply did not exist in this case.

The lease contained the following provision:

"This lease includes and sets forth the entire agreement between the parties thereto. All other agreements, understandings, and commitments at any time heretofore existing between them, or their predecessors in interest, respecting any rights or obligations whatsoever of lessor or lessee, whether written or verbal, are hereby superseded and are hereby mutually cancelled."

Vesey testified that a trust officer from the bank would not put a first bid option in the lease because the trust committee expressly refused to authorize it. The trust officer did state orally that Vesey would have the right to bid. The lease was then executed.

The final error directed to the intentional breach of contract paragraph of the complaint, points out the failure of the trial court to make special findings of fact and conclusions of law although requested by both parties. We hold that this error, if error, is deemed waived because

of the failure of both parties to submit proposed findings and conclusions to the court. In any event, because of our holding as a matter of law that the court committed no error in its ruling on the intentional breach of contract paragraph of the complaint, requiring findings and conclusions of law would be impractical pursuant to AP 15 (M).

Judgment Affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 280 N. E. 2d 88.