LYMAN JOHNSON *v.* JOHN L. MILLS.

[No. 1-173A16. Filed September 20, 1973.]

*James J. Stewart, Harold E. Atherly, Stewart, Irwin, Gilliom, Fuller and Meyer,* of Indianapolis, for appellant.

*John F. Townsend, Jr., W. Scott Montross, Townsend, Hovde & Townsend,* of Indianapolis, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Johnson hereafter) is appealing a jury verdict of $36,000 rendered against him and in favor of plaintiff-appellee (Mills) in a personal injury suit. The action was commenced by the filing of Mills' complaint which alleged, inter alia, that on May 6, 1968, Johnson was operating a 1951 Chevrolet truck south on North Madison Avenue in Greenwood, Indiana, which struck and thereby permanently injured Mills who was laying sod along the west side of Madison Avenue at the time. The complaint further alleged that at the time Mills was struck he was working immediately to the west of the curb and that Johnson was negligent in the following respects:

"(a) Failed to keep a reasonable lookout so as to observe plaintiff.

(b) Failed to keep his vehicle under control by turning the wheel and steering same so as to avoid running into and striking plaintiff.

(c) Failed to reduce his acceleration and apply his brakes to avoid running into and striking plaintiff.

(d) Failed to restrict his speed to avoid colliding with plaintiff.

(e) Drove his vehicle off of the east [west] edge of the highway and directly into plaintiff.

(f) Failed to blow his horn or give plaintiff any other warning that he was about to run into and strike him when he knew or should have known that plaintiff was close to the highway and that defendant was driving dangerously close to plaintiff."

The issues as raised by Johnson's Motion to Correct Errors, which was overruled, and argued on appeal, are threefold: was there sufficient evidence to support the jury's verdict; did the trial court err in overruling Johnson's motion for partial judgment on the evidence at the close of plaintiff's evidence; and did the trial court err in giving certain plaintiff's instructions.

Before determining the sufficiency of the evidence it should be pointed out that in so doing we are bound by the well established rule that only the evidence most favorable to the appellee may be considered and we can neither weigh the evidence nor determine the credibility of witnesses. *Nugent* v. *Smith* (1972), 153 Ind. App. 484, 287 N.E.2d 899; *Engelbrecht* v. *Tri-State Franchisers, Incorporated* (1972), 153 Ind. App. 350, 287 N.E.2d 365; *Wm. J. & M. S. Vesey, Inc.* v. *Hillman* (1972), 151 Ind. App. 388, 280 N.E.2d 88.

Due to the fact that there were no eyewitnesses, other than the defendant Johnson himself, to the actual striking of Mills, much of the circumstances of this incident must be constructed from the testimony of witnesses who made observations immediately prior to or after Mills was struck. It would appear that a great deal of the factual dispute between the

parties turns on the question of whether Mills was located to the west of the curb or in the street at the time he was struck. One witness for plaintiff who was employed on the same work crew placed Mills approximately a foot or more west of the curb of the southbound lane of Madison Avenue immediately prior to being struck. Mills, according to the witness, was rolling out sod with his back to the road and facing south or southwest. The witness could not make a definitive statement as to whether or not the wheels of Johnson's vehicle came over the curb. The witness did, however, state that he saw the truck fender come over the curb. A second witness for plaintiff, who was also a member of the work crew, testified that immediately prior to the accident Mills was standing to the west of the curb but he did not know the exact location of Mills when he was struck. The same witness testified that he observed a black tire mark on the curb after Mills was struck which was not there before. The plaintiff Mills testified that prior to the accident he was unrolling a strip of sod next to the curb with his body facing to the south. Mills stated that he was leaning over and backing up as he unrolled the sod and while so doing he was struck without warning in the buttocks by the Johnson vehicle. Mills further testified that he was not in the street but was standing next to the curb in the area in which he was laying sod.

In conflict with Mills' testimony was that of the defendant Johnson, who testified that as he approached the scene of the accident he observed Mills in the street. Johnson stated that he slowed down and when the front end of his truck came even with Mills, Mills started backing up. Johnson further testified that he was never closer than three to four feet away from the curb and that it was the right hand door of his truck which struck Mills.

In an effort to prove that Johnson's truck did not go over the curb, an accident reconstruction expert testified on behalf of Johnson that the force of a vehicle going up and over

a curb, under circumstances similar to this accident, would cause identifiable damage to the wheel rim, the tire, the curb, and to the area in which the vehicle would come down beyond the curb. The witness stated that he inspected the curb, the truck, and photographs of the truck and he found no damage to any of the vehicle's wheel rims. Johnson's expert witness also testified that his inspection of the truck revealed damage to the right front fender which appeared to be quite old by virtue of the presence of rust and damage to the passenger side door which was not rusty and appeared to be recent. In his opinion the damage to the right front fender was not caused by striking a human body, but the damage to the door could have been caused by a human body. The police officer who investigated the accident testified that immediately subsequent to the accident he observed no tire marks on the curb or in the area beyond the curb.

The substance of Johnson's argument regarding the insufficiency of the evidence is that there was no substantial evidence offered by Mills during the trial on any of the allegations of negligence other than the allegation in which Mills averred that Johnson drove his vehicle off the west edge of the highway and directly into plaintiff. Johnson argues that a verdict based on that allegation is not supported by sufficient evidence in that such a finding would be contrary to the physical facts of the accident as constructed by the testimony of his expert witness and the investigating police officer. The jury's verdict, Johnson contends, could have only been based on a supposition that the truck jumped the curb. Johnson argues that such a supposition is contrary to the physical facts and could only be based on the unsupported testimony of Mills that he was not in the street when he was struck. Because Mills' testimony on this question was contrary to the physical facts, Johnson urges, it was of no probative value and the jury should not have been allowed to rest its verdict thereon. We do not agree with Johnson's contention.

In the case of *Connor* v. *Jones* (1945), 115 Ind. App. 660, 59 N.E.2d 577, where the jury's verdict was assailed because it was contrary to the physical facts, the court stated the following rule of law:

". . . the testimony of a witness which is opposed to the laws of nature, or which is clearly in conflict with principles established by the laws of science, is of no probative value and a jury is not permitted to rest its verdict thereon. [Citing authorities.] This rule is frequently applied to the testimony of one who says he looked but did not see an object, which, if he had looked, in the very nature of things, he must have seen. However, where a court cannot say as a matter of law that the testimony of a witness is contrary to scientific principles, the law of nature or the physical facts, the question of whether such testimony does so conflict is one of fact for the jury to determine. [Citing authorities.]" *Connor* v. *Jones, supra,* 115 Ind. App., at p. 670. See also *Gibson Coal Company* v. *Kriebs* (1971), 150 Ind. App. 173, 275 N.E.2d 821.

There is evidence from which the jury could have concluded that a portion of Johnson's truck extended over the curb striking Mills while he was standing near the curb.

The second issue raised by Johnson is closely related to the first. Johnson maintains that because Mills failed to offer any evidence of a substantive nature on allegations (a), (b), (c), (d), and (f) of his complaint the trial court should have granted Johnson's motion for partial judgment on the evidence at the close of plaintiff's evidence. We cannot agree with Johnson's position. The validity of a directed verdict on a certain issue depends upon a total absence of evidence or reasonable inference therefrom on an essential element of the plaintiff's case. The evidence must be without conflict and susceptible of but one inference in favor of the moving party. *Mamula* v. *Ford Motor Company* (1971), 150 Ind. App. 179, 275 N.E.2d 849. In this case, as in *Mamula, supra,* there was evidence in some amount

on the respective allegations of negligence to allow the issue through "the door of the jury room."

Johnson's final argument is directed to certain plaintiff's instructions which were given over his objection. It is alleged that there was no evidence to warrant giving an instruction on assessment of damages; Johnson's duty to exercise reasonable care to avoid colliding with a person near the highway; and Johnson's duty to maintain a reasonable lookout. Since we have previously approved submission to the jury of the issues formed by Mills' allegations of negligence, we likewise hold that there was evidence to justify the instructions regarding avoiding collision and maintaining a lookout. In a similar manner there was evidence from Mills and his physician which would warrant the damages instruction.

Johnson's final argument is that the following instruction is mandatory:

"You are instructed that it is not necessary for John Mills to have introduced evidence as to the monetary value of any pain, suffering, mental anguish or disability suffered by him, but it is only necessary that he has proved to you by a fair preponderance of the evidence the nature and extent of such injury, pain, suffering, mental anguish or disability, and it is your duty as jurors to fix the monetary value of such pain, suffering, mental anguish or disability."

The case of *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N.E. 923, defines a mandatory instruction as one which directs the jury to a certain result. General statements of the law and its applicability to the case are necessary to properly instruct the jury. We are of the opinion that the quoted instruction falls into the latter category and does not possess the qualities of an erroneous mandatory instruction. See *Perry* v. *Goss, supra.*

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 301 N.E.2d 205.